IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ANTOINETTE L. TIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-CV-357-FDW-DCK |
| | ) |
| CAROLINAS HEALTHCARE SYSTEM[1], | ) |
| d/b/a CHARLOTTE OB & GYN | ) |
| ASSOCIATES – ARBORETUM, and | ) |
| KARI VANDERWERKEN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KARI VANDERWERKEN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

This is a case involving alleged employment discrimination brought by Antoinette L. Tims ("Plaintiff"), arising "pursuant to Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. § 2000e et seq.]" against Defendants "Carolinas Healthcare System" and "Kari Vanderwerken." (Doc. No. 1-1 at ¶¶ 2-4). As explained more fully below, the Court should grant this motion to dismiss and enter judgment for Defendant Vanderwerken because individual supervisors are not liable under Title VII. *Lissau v. Sothern Food Service, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). For the reasons explained below, the Complaint fails to state a claim for relief against Defendant Vanderwerken.

---

[1] The Charlotte-Mecklenburg Hospital Authority does business as Carolinas HealthCare System. Because Plaintiff has named Carolinas Healthcare System as the Defendant in this action, Defendant will be referred to as "CHS." However, Plaintiff's employer was the Charlotte-Mecklenburg Hospital Authority which is the proper Defendant in this action.

## I.  SUMMARY OF COMPLAINT

The Complaint "is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. § 2000e et seq.]." (*Id*. at ¶ 4). According to Plaintiff's Complaint, she "was employed by Defendant Carolinas Healthcare System as a receptionist at Charlotte OB & GYN Associates." (*Id*. at ¶ 5). The Complaint identifies Defendant Vanderwerken as "Plaintiff's supervisor." (*Id*.). Only "Defendant Carolinas Healthcare System…" is identified in the Complaint as Plaintiff's employer. (*Id*.). Defendant Vanderwerken is also described as "office manager at Charlotte OB & Gyn Associates." Yet, Kari Vanderwerken is identified as an individual defendant in the Complaint even though the Complaint identifies Vanderwerken as "an office manager at Charlotte Ob & Gyn Associates." (*Id*. at ¶ 3).

The Complaint solely alleges that its jurisdictional basis is "Title VII of the Civil Rights Act of 1964, as amended." (*Id*. at ¶ 4). More specifically, the Complaint alleges that "Plaintiff is an African-American female and a member of a protected class…" and that Plaintiff was subject to "racially discriminatory remarks." (*Id*. at ¶¶ 5-6). Plaintiff's EEOC charge only identifies "Carolinas Healthcare System-Charlotte OB/GYN-Aboretum (sic)" as her employer. (Exhibit A, Plaintiff's EEOC Charge)[2]. Ms. Vanderwerken is not named as an employer in the EEOC charge. (*Id*.).

## II.  RULE 12(b)(6) LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) requires dismissal of all or part of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This Court reviews

---

[2] In reviewing a 12(b)(6) motion to dismiss, in addition to the Complaint and its attachments, the Court may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009). In the context of an employment discrimination claim, "[t]he Court may take judicial notice of both the Plaintiff's EEOC charge and the EEOC's right to sue letter, as both documents are integral to and explicitly relied on in the Complaint, without converting the instant motion in a motion for summary judgment." *Winegard v. Pasciolla*, No. 1:11CV100, 2012 WL 112226, at n.2 (W.D.N.C. Jan. 12, 2012) (citing *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Brown v. Inst. for Family Centered Servs., Inc.*, 394 F.Supp.2d 724, 729 n. 2 (M.D.N.C. 2005)).

motions under Rule 12(b)(6) by "tak[ing] the allegations in the complaint as true, and constru[ing] the facts alleged in the complaint in the light most favorable to the plaintiff." *North Carolina ex rel v. Howard*, 323 F. Supp. 2d 675, 678 (W.D.N.C. 2003). A Rule 12(b)(6) motion must be granted where "it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Jackson v. Blue Dolphin Communications of N.C., L.L.C.,* 226 F. Supp. 2d 785, 788-89 (W.D.N.C. 2002).

### III. ARGUMENT

#### a. Dismissal is Proper Because There is No Title VII Liability for Individual Defendants

It is well settled under Title VII that there is no liability for individual supervisors and other employees because they are not employers within the meaning of that statute. Under Title VII, the Fourth Circuit has specifically held "that supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998); *see also Jackson v. Carolinas Healthcare System*, 2007 WL 4287749, *4-5 (W.D.N.C. Dec. 5, 2007) (Keesler, M.J.) (following *Lissau* and granting summary judgment to defendant dismissing all individual defendants from the case); *Haggins v. Carolinas Medical Center-Mercy*, 2009 WL 2168883, *1 (W.D.N.C. July 17, 2009) (Mullen, J.) (following *Lissau* and granting 12(b)(6) motion dismissing all individual defendants from the case); *Williams v. Carolinas Healthcare System*, 2010 WL 3386020, *1 (W.D.N.C. Aug. 25, 2010) (following *Lissau* and granting 12(b)(6) motion dismissing all individual defendants from the case). As this Court and the Fourth Circuit have previously held, Title VII applies solely to "employers" which, in this case, is only CHS. The Fourth Circuit and this Court have unambiguously held that there is no liability for individual supervisors and other employees under Title VII. Thus, there is no set of facts which Plaintiff could prove that would result in liability for Ms. Vanderwerken.

3

Accordingly, this Court must dismiss all claims against Defendant Vanderwerken with prejudice because she is not liable as an individual supervisor under Title VII.

### b. Dismissal is Proper Because There is No Liability for Individuals Not Named in the EEOC Charge as Employers

While there is no legal basis for individual liability under Title VII, this case should also be dismissed against Defendant Vanderwerken because she is not named as an employer in the charge of discrimination. The Fourth Circuit has held that "[u]nder Title VII… a civil action may be brought only against the respondent named in the charge." *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). This additional limitation on who may be held liable under Title VII is based on the mandatory EEOC charge filing requirement found in the statute. This EEOC charge mandate is designed to put "the charged party on notice of the complaint and allow[] the EEOC to attempt reconciliation." *Id*. In this case, the only respondent identified in the EEOC charge is "Carolinas Healthcare System-Charlotte OB/GYN-Aboretum (sic)." (Exhibit A). Consequently, there was no opportunity for Defendant Vanderwerken to receive notice of the complaint and participate in any reconciliation efforts fostered by the EEOC. Therefore, under *Causey*, Defendant Vanderwerken must be dismissed from this case with prejudice since she "may not be held personally liable for any alleged violations of Title VII" where, as here, she was not named as a respondent in the EEOC charge. *Causey*, 162 F.3d at 801.

### IV. CONCLUSION

As explained above, even assuming all facts alleged in the Complaint are true, and drawing all inferences in favor of the Plaintiff, there is no legal basis for the claims brought in the Complaint against Defendant Vanderwerken. As described in the Complaint, Ms. Vanderwerken was not Plaintiff's employer under Title VII. Rather, she was allegedly a supervisor and Plaintiff's fellow employee. Thus, Ms. Vanderwerken cannot be held personally

4

liable for any alleged violations of that statute. Likewise, even assuming Defendant Vanderwerken could be personally liable under Title VII, she was not named as a respondent in the EEOC charge which prevents Plaintiff from suing her in this action. Consequently, this Court should grant Defendant's Motion and dismiss all claims brought against Defendant Vanderwerken with prejudice.

Respectfully submitted this 14th day of June, 2013.

        s/ Kevin V. Parsons
NC State Bar No. 19226
Smith Parsons, *A Partnership of PLLCs*
6060 Piedmont Row Drive, South, Suite 150
Charlotte, North Carolina 28287
Telephone: 704-557-9929
Email: kparsons@smithparsons.com

Philip A. Hinson
NC State Bar No. 42907
Smith Parsons, *A Partnership of PLLCs*
6060 Piedmont Row Drive, South, Suite 150
Charlotte, North Carolina 28287
Telephone: 704-557-9929
Email: phinson@smithparsons.com

**Attorneys for Defendant**

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing "MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KARI VANDERWERKEN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED" filed on June 14, 2013 complies with Paragraph 3(b)(vi) of Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-MC-47 (Doc. No. 2).

                                               s/Kevin V. Parsons
                                               NC State Bar No. 19226
                                               Attorney for Defendants
                                               Smith Parsons, *A Partnership of PLLCs*
                                               6060 Piedmont Row Drive, South, Suite 150
                                               Charlotte, North Carolina 28287
                                               Telephone: 704-557-9929
                                               Email: kparsons@smithparsons.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KARI VANDERWERKEN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED" in the above-captioned proceeding has been electronically filed by the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to the following:

> Christopher M. Vann
> Van Law Firm, P.A.
> 9940 Monroe Road
> Suite 201
> Matthews, North Carolina 28105
> *Counsel for Antoinette L. Tims*

This the 14th day of June, 2013.

> s/Kevin V. Parsons
> NC State Bar No. 19226
> Attorney for Defendants
> Smith Parsons, *A Partnership of PLLCs*
> 6060 Piedmont Row Drive, South, Suite 150
> Charlotte, North Carolina 28287
> Telephone: 704-557-9929
> Email: kparsons@smithparsons.com