UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00357-FDW-DCK

| | |
|---|---|
| ANTOINETTE L. TIMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLINAS HEALTHCARE SYSTEM )<br>d/b/a CHARLOTTE OB & GYN )<br>ASSOCIATES – ARBORETUM, and )<br>KARI VANDERWERKEN )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on several pending motions. Defendants collectively submitted a Motion for a More Definite Statement (Doc. No. 2) on June 14, 2013; Defendant Kari Vanderwerken submitted a Motion to Dismiss (Doc. No. 3) also on June 14, 2013; and Plaintiff filed a Motion For Extension of Time to Respond to Defendants' motions (Doc. No. 4) on June 11, 2013. Hours after Plaintiff filed her motion on June 11, 2013, Defendants filed a memorandum in opposition to that motion. (Doc. No. 5.)

As an initial matter, the Court turns to Plaintiff's Motion for Extension of Time, filed June 11, 2013. Plaintiff's responses to Defendants' Motion for a More Definite Statement and Defendant Vanderwerken's Motion to Dismiss were due July 1, 2013. Notably, Plaintiff waited to file her motion for extension of time eleven (11) days after the deadline for filing any response to Defendants' motions and two (2) days after Chambers for the Honorable David C. Keesler telephoned Plaintiff's counsel to inquire generally as to whether any response was forthcoming. Most troubling to the Court is the fact that Plaintiff waited almost two days after being contacted by Judge Keesler's chambers to file the instant motion. Moreover, the asserted reason for

1

Plaintiff's failure to timely respond, as noted in the motion for extension, is likewise problematic. Appearance in state court hearings is insufficient without more to justify Plaintiff's requested extension, particularly where Plaintiff's counsel likely knew of the scheduled hearings and could have sought an extension of time in accordance with this Court's standing orders. See Misc. No. 3:07-mc-47, Doc. No. 2, at § 3(b)(vi) ("Any motion to extend the foregoing time . . . limitations shall be filed *immediately upon counsel learning of the need* for the same and in any event *no fewer than three (3) business days in advance* of the filing deadline sought to be modified.") (emphasis added). Plaintiff provides no reason for his failure to abide by this deadline,[1] and Defendants' brief in opposition indicates that Plaintiff did not even attempt to obtain consent for an extension until July 2, 2013, two days after the response brief deadline. Defendants have filed a well-reasoned opposition to Plaintiff's motion for extension of time, citing multiple authorities to support their position. For the foregoing reasons, as well as those stated in Defendants' opposition (Doc. No. 5), Plaintiff's motion is DENIED. Furthermore, Plaintiff's counsel is cautioned that further failures to abide by the Standing Orders of this Court could result in sanctions and/or dismissal of the Complaint.

Turning to Defendants' motions, the Court has reviewed the pleadings, as well as the authorities cited by Defendants in support of their motions. For the reasons stated by Defendants, the Court GRANTS Defendant Vanderwerken's Motion to Dismiss and GRANTS IN PART that portion of Defendant's Motion for a More Definite Statement as it pertains to

---

[1] Plaintiff's counsel apparently contacted Judge Keesler's Chambers on the morning of Friday, July 12, 2013, to advise that he intends to file on Monday, July 15, 2013, a reply to Defendant's opposition . The Court sees no need to delay ruling on the instant motions, particularly where Defendants filed a well-researched response to Plaintiff's motion within *hours* of Plaintiff's motion being submitted to the Court. Furthermore, Plaintiff's failure to request an extension of time within the time period prescribed by this Court's standing orders is a sufficient basis alone to deny Plaintiff's motion.

Carolinas Healthcare System, but DENIES AS MOOT that portion of the Motion related to Defendant Vanderwerken.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Extension (Doc. No. 4) is DENIED; Defendant's Motion to Dismiss (Doc. No. 3) is GRANTED, and Defendants' Motion for a More Definite Statement (Doc. No. 2) is GRANTED IN PART and DENIED AS MOOT IN PART as explained herein.

IT IS SO ORDERED.

Signed: July 12, 2013

Frank D. Whitney
Chief United States District Judge